The defendant avers that it constructed said track by virtue of an ordinance of the city of Columbus, passed November 17, 1902, which authorized the construction of a spur-track two squares further south from the south end of its spur-track in Park street. That it has constructed said spur in accordance with the terms of the ordinance which required the grade of the track to conform to the grade of the street, and to grade and plank and keep in repair the bed of said track and to gravel the whole width of the street from curb to curb and keep same in repair. It avers that it has planked said track between and for a space outside the rails; that the roadway is partly graded and work about completed under the supervision of the city engineer, and that when completed the street will be in better condition for street purposes and furnish plaintiff better access to his property than at any time heretofore, and denies that the track or use of it'will interfere with or render dangerous the passage to plaintiff’s premises, or plaintiff be damaged.
*413 Plaintiff in reply denies the city has granted the right of construction by ordinance and other specific averments of the answer.
The plaintiff introduced ordinance No. 17,523, showing that the name of Park street, from P., C., C. & St. L. Railway south, was changed November 27, 1900, to Ludlow street; and ordinance No. 20,854 of date November 18, 1902, of the city of Columbus, granting to the P., C., C. & St. L. Railway Co. the right to lay a single spur-track in the center of North Park street and across West Spring street and West Long street and operate the same, and rested.
The defendant offered evidence generally on the issues.
It is not controverted that defendant has constructed said track in Ludlow street in front of plaintiff’s premises without having acquired any rights from the plaintiff himself, and against the protest and without making or tendering him any compensation for whatever appropriation there may have been of any of his property, right, easement or interest.
It is contended by counsel for plaintiff that no authority was conferred on defendant under Revised Statutes 3283, by the ordinance 20,854, because the grant is for Park street and not Ludlow street. I think there can be no doubt that the ordinance was passed with respect to the particular track and street in question in' this ease. The ordinance identifies it as beginning at “the southern terminus of the present spur-track in the center of North Park street, at the intersection of West Spring street * * * thence across West Spring street and across West Long street, etc., to the intersection of West Gay street.” J ud the identification is further supplemented by testimony of Mr. Gray. As proof of extrinsic circumstances is competent for the purpose of applying any verbal description in a written instrument to its proper subject (12 O. S., 384), the maxim, “Falsa demontratio non nocet” applies.
With reference to the authority of the council to act in such’ a case as affecting the general use of a street, I think a distinction should be made as in this case where the purpose is the setting in and out of cars for the convenience of shippers, from the general use of a track for trains.
*414 In the case of P., C., C. & St. L. Ry. Co. v. Cincinnati, reported in the 16th Law Bulletin, 367, which was affirmed by the Supreme Court, it was held:
“A municipal corporation has power to consent to the laying of a branch railroad track on a manufacturing street for the convenience of shippers; that this is not for travel on the company’s general line, but rather in the nature of street purposes, to transfer as a dray or wagon would do.”
In discussing this point, Harmon, J., says:
“These tracks do not bear the same relation to the streets, they occupy as ordinary tracks do which form part of the main line of a railway * * * They perform the same office usually left to a wagon or dray. They are built in the street because it is a street, and could accomplish their purpose nowhere-else while under proper regulation they cause little obstruction, to ordinary travel.”
And again:
“We think the city had under its general powers over its: streets authority to permit it to be laid. So considered, this-track bears more resemblance to a street railroad than to an •Ordinary steam railway. It is not a new use, but the old use in a different form. The cars which pass over it are merely the dray and transfer wagon of a progressive age, just as the horse or cable or electric cars are to omnibus and coach. That power to permit such use is among the ordinary powers of a city is. well known.” (Here follows authorities and reference to Revised Statutes 3283, if any special authority were needed).
It appears here the only use of this track is setting in and out cars to shippers; that there is nine feet of space between the rail and the curb; that prior to the construction of the said track the street had never been graveled or improved, was. merely a dirt road, in wet seasons muddy and sometimes impassable for vehicles; that the ordinance required the grade of' the track to conform to the grade of the street, track planked and street graveled from curb to curb and kept in repair; that the work in accordance with this requisite has been substantially completed; that when no car is opposite plaintiff’s premises, he-has the whole width and use of the street; that vehicles can. *415 pass along freely when oars are on the track; that the pulling in and out of cars occupies but a few minutes a day so far as the occupancy of the street opposite the plaintiff is concerned.
Has the use of the street been diverted or the private right of plaintiff been materially invaded or interrupted?
Whether the construction and operation of a steam railroad in a street for general purposes is per se a diversion of the ordinary use of a street or not, I do not decide, but where the .use as in this case is rather that of a street railroad and for street purposes, I do not think that the conclusion of diversion, would follow from the mere fact of construction.
It is beyond question that an abutting lot owner has a peculiar interest in the street which neither the local nor general public can pretend to claim; a private right of the nature of an incorporeal hereditament; a special easement in the street appendant and appurtenant to his lot for ingress and egress; and that this easement is as much property as the lot itself. The question is, was this materially and substantially injured by the location and operation of such a spurtrack? 7 O. S., 460; 14 O. S., 523; 38 O. S., 41; 45 O. S., 309.
Special injury must be shown to warrant injunction. Section 222, Spelling on Extra. Relief.
The use of such a track being not for travel on the company’s general line, but rather in the nature of street purposes, as a dray or wagon would do, and bearing some resemblance to a street railroad, as Judge Harmon observed, I think the question comes within the rule of Burket, J., in Traction Co. v. Parrish, 67 O. S., 191:
“While the abutting lot owner has this right of public travel on the street and the right of ingress and egress from the street to his lot, the public authorities retain the right to improve the street and place such means of travel thereon as in their judgment shall best conserve the public welfare. And so long as. his easement of ingress and egress is not materially injured, he is without remedy, because he is not wronged — said easement, all the property right he has in the street, not being interfered with.”
The plaintiff has at all times, as appears from the evidence and the pleadings, nine feet of space in the street for ingress and *416 egress, and except for such, time as a car would occupy the track in being drawn in or out, the whole space of the street in front of his premises. And I am unable to find that such easement or that any of his rights or property in said street has been materially injured or interfered with or that he has been damaged.
Smith & Ward, for plaintiff.
Henderson & Livesay, for defendant.
There is still another reason why plaintiff is not entitled to the injunction sought here, and that is on the ground of laches.. This ordinance was passed in November, 1902, and the amended petition filed in May, 1903. There must have been considerable time after plaintiff had notice of the proposed construction before it was commenced or near completed. That was the time to prevent construction. A man who stands by and sees a track thus constructed and quite a large expenditure of labor and money thus made, such delay is held to be a waiver of any right which he may otherwise have had to interfere with the construction, and in such case there can only remain to the owner a right of compensation. 10 A. & E. Ency. of Law, 802; 18 O. S., 169; 6 N. P., 483, 487; Pom. Equity, Section 1359; Spelling on Extra Relief, 26, 85.
The order will be here that the temporary injunction which now exists will be dissolved and mandatory injunction denied and petition dismissed.